IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS ALVARADO,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN CROSSROAD CORRECTIONAL CENTER, et al.,<br><br>Defendants. | CV 15-00005-GF-BMM-JTJ<br><br>ORDER |

Plaintiff, Thomas Alvarado, a prisoner proceeding without counsel, filed a Request for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) (Doc. 46) and a Motion regarding discovery (Doc. 47). The Court denies both motions.

**I. Request for Appointment of Counsel**

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they file a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, a judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist.*

*Court*, 490 U.S. 296, 310 (1989).  Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).  Mr. Alvarado does not meet this criteria.

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony.  However, this is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily.  This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331.  Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

Mr. Alvarado argues his claim is meritorious, he has made a reasonably diligent effort to obtain counsel, he is unable to find an attorney, he is incarcerated in a federal correctional institution in Oregon, and he will not be transferred to

Montana. He claims this is a complex case and that he only has an eighth grade education. He asserts that the case will involve records and testimonies that will need to be presented in trial and he does not have the education level or knowledge or understanding to cross examine Defendants. He also claims that he is not able to properly speak correct English or articulate what he is trying to say. (Doc. 46.)

These allegations are insufficient to make a showing of exceptional circumstances. Mr. Alvarado has not demonstrated a likelihood of success on the merits. Moreover, he has demonstrated an ability to articulate his claims pro se. The Court has reviewed Mr. Alvarado's disclosure statement (Doc. 36) which gives a factually detailed statement of his case, it cites applicable case law, and identifies the pertinent issues and witnesses for trial.

The Court will not appoint counsel at this point in the litigation. In light of the filing of the motion for counsel and the denial of that motion, however, the Court will grant Mr. Alvarado an extension of time to respond to Defendants' Motion for Summary Judgment. (Doc. 41.)

**II. Discovery Motion**

Mr. Alvarado has filed a document entitled "Motion" wherein he objects to Defendants response to his requests for discovery. The basis for Mr. Alvarado's motion is unclear. He states that Defendants state that no accident report exists and

yet he attached a "facility emergency anatomical form" which appears to have been produced by Defendants. Mr. Alvarado, however, has failed to comply with Fed.R.Civ.P. 37(a)(1), D.Mont. L.R. 7.1(c)(1), and D.Mont. L.R. 26.3(c). As set forth in the Court's Amended Scheduling Order:

> The Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.").

(Amd. Sch. Ord., Doc. 33 at 7.) These rules require Mr. Alvarado to contact opposing counsel and discuss his discovery issues prior to filing any discovery motions. Mr. Alvarado may not file any further discovery motions until he has complied with these rules.

Secondly, Mr. Alvarado failed to comply with Local Rule 26.3(c)(2) which requires all discovery motions to attach as an exhibit the full text of the discovery sought and the full text of the response.

Accordingly, Mr. Alvarado's discovery motion will be denied.

Based upon the foregoing, the Court issues the following:

4

**ORDER**

1. The Motion for Appointment of Counsel (Doc. 46) is **DENIED WITHOUT PREJUDICE**.

2. Mr. Alvarado will have until October 14, 2016, to file a response to Defendants' Motion for Summary Judgment.

3. Mr. Alvarado's discovery motion (Doc. 47) is **DENIED**.

4. At all times during the pendency of this action, Mr. Alvarado must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 26th day of September, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge