IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS ALVARADO,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN CROSSROAD CORRECTIONAL CENTER, et al.,<br><br>Defendants. | CV 15-00005-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Thomas Alvarado, an inmate proceeding in forma pauperis and without counsel, filed an Amended Complaint (Doc. 9) alleging Defendants denied him medical care. (Doc. 9.) The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915. Because Mr. Alvarado was a federal prisoner at the time his allegations arose, his claims were construed as being brought pursuant to pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court determined that Defendants Sharpe, Yaskew, Finn/Linn, Weaver, Randolph, and Correctional Corporation of America were required to respond to Mr. Alvarado's allegations that he was denied over-the-counter pain relievers and/or other treatment for his broken finger and injured knee from November 5, 2013 to November 11, 2013. (Doc. 10 at 8.) Defendants

1

have now filed a motion for summary judgment arguing that Mr. Alvarado cannot bring a *Bivens* claim against the named Defendants. (Doc. 79.) The Motion for Summary Judgment should be granted.[1]

## I. STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] Mr. Alvarado recently filed a motion for leave to file a sur-reply. (Doc. 91.) The arguments raised in the sur-reply have no bearing on the Court's determination of Defendants' Motion for Summary Judgment. Accordingly, the motion will be denied as moot.

By notice provided on September 25, 2017 (Doc. 84), Mr. Alvarado was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. FACTS

Mr. Alvarado was convicted in federal court and sentenced on October 21, 2013 to the custody of the Bureau of Prisons. *See United States v. Alvarado*, 13-CR-00026-BLG-SPW, Doc. 127. He was held at Crossroads Correctional Center ("CCC") in Shelby, Montana, at various times, first, from 4/12/13 to 5/9/13, again from 5/30/13 to 10/2/13, and last from 10/23/13 to 11/12/13. (Statement of Undisputed Facts, Doc. 81 ("SUF") at ¶ 1.) At all times while Mr. Alvarado was housed at CCC, he was an inmate in the custody of the United States Marshals Service. (SUF at ¶ 2.) Mr. Alvarado fell in his cell and injured his knee and little finger on Sunday, November 3, 2013. (SUF at ¶ 4.) He claims Defendants denied him x-rays and failed to provide him with any pain relief for his injuries. (SUF at ¶ 5; Complaint, Doc. 2.)

## III. DISCUSSION

### A. *Bivens* Claims

Crossroads is a private prison where Mr. Alvarado was incarcerated under

an agreement with the United States Marshals. Even though the Crossroads' employees are private individuals, Mr. Alvarado was in federal custody while incarcerated at Crossroads, therefore Defendants are considered federal actors rather than state actors for purposes of this case. *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v. Pollard*, 565 U.S. 118 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Normally an action for constitutional violations committed by federal actors can be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The United States Supreme Court, however, has made clear that a prisoner cannot assert a *Bivens* claim for damages against private prison employees or the corporations who own and operate private correctional facilities. *Minneci,* 565 U.S. 118; *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001).

In *Minneci*, the plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against its employees for the deprivation of adequate medical care. *Minneci*, 565 U.S. at 121. The Supreme Court declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under

state tort law. *Id.* at 131. Specifically, the Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 131.

The Court found that no *Bivens* claim was available in *Minneci* "primarily because Pollard's Eighth Amendment claim focuses upon a kind of conduct that typically falls within the scope of traditional state tort law. And in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Pollard,* 565 U.S. at 125.

The conduct of which Mr. Alvarado complains–denial of medical care–falls within the scope of traditional state tort law for which Montana provides a remedy. *Moralli v. Lake County, Mont.*, 255 Mont. 23, 28, 839 P.2d 1287, 1290 (1992)("jail had duty to render medical aid when necessary"); *Pretty on Top v. City of Hardin,* 182 Mont. 311, 315, 597 P.2d 58, 60-61 (1979).

Since Mr. Alvarado's medical claims mirror the claims rejected in *Minneci*,

5

he cannot maintain his *Bivens* medical claims against the individual employee Defendants. Therefore, the *Bivens* claims against the employees should be dismissed for failure to state a claim.

The cases cited by Mr. Alvarado are distinguishable in that they deal with state prisoners incarcerated in private facilities. The United States Supreme Court has suggested–though not actually held-that state prisoners might bring suit under § 1983 against privately owned correctional facilities. *See Malesko*, 534 U.S. at 72 n. 5 ("[S]tate prisoners . . . already enjoy a right of action against private correctional providers under 42 U.S.C. § 1983.") (emphasis omitted); *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) ("[We] have not addressed whether [prison guards] are liable under § 1983 even though they are employed by a private firm."). But Mr. Alvarado was a federal prisoner at all times relevant to the claims in his Complaint, Defendants are therefore considered federal actors, and his claims arise under *Bivens*. As set forth above, a federal prisoner cannot assert a *Bivens* claim for damages against private prisons or their employees. *Minneci*, 132 S.Ct. 617; *Malesko*, 534 U.S. 61. Defendants are entitled to summary judgment on Mr. Alvarado's federal claims.

### B. State Law Claims

Mr. Alvarado filed his Amended Complaint under both federal law and "the

applicable sections and amendments to the State of Montana's Constitution." (Amended Complaint, Doc. 9-1 at 1, page A1.) Given the recommendation to dismiss Mr. Alvarado's federal claims, the Court should decline to exercise supplemental jurisdiction over Mr. Alvarado's state law claims.

If a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action. 28 U.S.C. § 1367(c)(3); *see Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). Several factors are considered in determining whether the Court should continue to exercise its jurisdiction over state law claims. These factors include economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims. *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). Although the Court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie—Mellon Univ.*, 484 U.S. at 350 n.7.

Here, the *Carnegie—Mellon* factors weigh in favor of dismissal. It is recommended that Mr. Alvarado's federal claims be dismissed, the case has not proceeded to trial, and the Court has not addressed the factual merits of Mr.

7

Alvarado's claims. Judicial economy thus weighs against continuing to exercise supplemental jurisdiction in this case. Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the Court recommends that Mr. Alvarado's state law claims be dismissed without prejudice subject to his pursuing those claims in state court pursuant to 28 U.S.C. § 1367(d).[2]

Based upon the foregoing, the Court issues the following:

### ORDER

Mr. Alvarado's Motion for Leave to File Sur-Reply (Doc. 91) is DENIED AS MOOT.

Further the Court issues the following:

### RECOMMENDATIONS

1. Defendants' Motion for Summary Judgment (Doc. 79) should be

---

[2] Title 28 U.S.C. § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

GRANTED and Mr. Alvarado's federal claims should be DISMISSED WITH PREJUDICE for failure to state a claim.

2. The Court should decline to exercise supplemental jurisdiction over any state law claims and all state law claims should be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

3. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[3]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Alvarado is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

9

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of December, 2017.

                            */s/ John Johnston*
                            John Johnston
                            United States Magistrate