# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS ALVARADO, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN CROSSROAD CORRECTIONAL CENTER, et al., <br><br> Defendants. | CV-15-05-GF-BMM-JTJ <br><br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Thomas Alvarado ("Alvarado") filed his Amended Complaint on May 28, 2015. (Doc. 9.) The Complaint alleges denial of medical care by various employees of Crossroads Correctional Center. Defendants filed a motion for summary judgment on September 25, 2017. (Doc. 79.)

United States Magistrate Judge John Johnston issued an Order and Findings and Recommendations in this matter on December 18, 2017. (Doc. 92.) Judge Johnston recommended that the Court grant Defendants' motion for summary

1

judgment. (Doc. 79 at 8-9.) Judge Johnston further recommended that the Court should decline to exercise supplemental jurisdiction over any state law claims. *Id.*

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Alvarado filed an objection. (Doc. 93.) The document cites the same cases and advances the same arguments made in Alvarado's Response to Defendant's Motion for Summary Judgment. (Doc. 87.) Judge Johnston considered these arguments in making his recommendation to the Court. Thus, the Court finds no specific objections that do not attempt to relitigate the same arguments, and will review the Findings and Recommendations for clear error.

I.     **Claims Prohibited Under *Minneci v. Pollard***

Judge Johnston recommended that the Court grant Defendants' motion for summary judgment because a prisoner cannot assert a claim for damages against private prison employees or the corporations who own and run private prisons where a state tort law remedy is available. *Minneci v. Pollard*, 565 U.S. 118 (2012). (Doc. 92 at 4.)

A claimant ordinarily may bring an action for constitutional violations committed by federal actors in federal court under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* does not apply, however, where the claimant is a prisoner seeking damages from privately employed personnel at a privately operated federal prison for conduct "that typically falls within the scope of traditional state tort law." *Minneci*, 565 U.S. at 131. The claimant must instead seek a remedy under state tort law. *Id*.

Alvarado's amended complaint alleges denial of medical care. The Court finds no error in Judge Johnston's finding that Montana tort law provides a remedy for such claims. (Doc. 92 at 5.) The Court further finds no error in Judge Johnston's recommendation that defendants are entitled to summary judgment on these grounds. (Doc. 92 at 6.)

## II. State Law Claims

Alvarado's amended complaint contains claims arising under both the Eighth Amendment and the Montana Constitution. Judge Johnston recommends

that the Court decline to exercise supplemental jurisdiction and dismiss Alvarado's state law claims without prejudice. (Doc. 92 at 7.)

The Court may exercise its discretion to dismiss supplemental state law claims brought in an action where the Court has dismissed the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court should weigh a number of factors in determining whether to continue to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). These factors include economy, convenience, fairness, and comity. *Id*.

The Court finds no error in Judge Johnston's analysis of the *Carnegie-Mellon* factors. The Court further finds no error in Judge Johnston's finding that the factors weigh in favor of dismissal. (Doc. 92 at 7.)

The Court has reviewed the remainder of Judge Johnston's Order and Findings and Recommendations for clear error. The Court finds no error, and adopts the Findings and Recommendations in full.

ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 92) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 79) is **GRANTED**. Alvarado's federal claims are **DISMISSED WITH PREJUDICE** for failure to state a claim.

4

The Court declines to exercise supplemental jurisdiction over any state law claims. All state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 6th day of February, 2018.

_____
Brian Morris
United States District Court Judge